SAMUEL H. BUSCH et al., Respondents, *v.* L. F. ROTHSCHILD &
Co. et al., Appellants.

First Department, May 13, 1965.

*Joseph L. Fishman* of counsel (*Moses & Singer,* attorneys),
for appellants.

*Harold N. Kaufman* for respondents.

STEUER, J. Defendants appeal from an order denying their
motion for summary judgment. We believe the motion should
have been granted.

It appears that the plaintiffs had a margin account with
defendants, stockbrokers. In March, 1962 there were in the
account 50 Rapid American bonds, together with other securi-
ties. On March 8, according to plaintiffs, they gave an order
over the telephone to the defendant Heine, who was the cus-
tomer's man handling the account, to sell these bonds and 300
shares of International Paper stock, also in the account. Accord-
ing to plaintiffs, Heine accepted the order to sell the Inter-
national Paper stock (which was in fact sold) but he refused
flatly to accept the order to sell the bonds. According to plain-
tiffs there was no further discussion on the subject, and neither
then nor at any prior time was there any intimation why such
an attitude would be taken. Some three months later, and
after the market price of the bonds had decreased materially,
plaintiffs made complaint. Defendants denied receipt of the
order.

For the purposes of this motion the version claimed by the
plaintiffs will be deemed to be the fact. Further, we will not

consider defendants' defense of ratification. A stockbroker is an agent for the customer. Unless he accepts the agency he has no duty to execute any order and may refuse to do so (1 Meyer, Law of Stock Brokers and Stock Exchanges, p. 249). The relationship is not changed by the fact that there is a margin account. The duty in such case is to give prompt notice that the order is refused.

There are few cases where a broker refused a particular order from a customer who has an account with him, but such as there are support the conclusion stated. In *Galigher* v. *Jones* (129 U. S. 193) the plaintiff broker received an order to buy certain stocks and to sell others from a customer with whom he had a margin account. The order came by telegram. Plaintiff's office was in Salt Lake City; the customer resided in Virginia City. Plaintiff decided to refuse the order and wrote a letter to that effect. The court decided that he had not given prompt notice of his refusal — that he should have taken the same means to advise as the customer did in giving the order, namely, telegraph. The court said (pp. 198–199) : "A broker is but an agent, and is bound to follow the directions of his principal, or give notice that he declines to continue the agency. * * * The plaintiff should have given prompt notice that he objected and declined to make the change. Telegraphic communication was used by the defendant, and no reason appears why the plaintiff could not have used the same." It would follow that had prompt notice been given there would have been no liability. Semble *Le Marchant* v. *Moore* (150 N. Y. 209) which involved a commercial banker who accepted stock exchange orders from customers who had open accounts, and where the court had occasion to say that if the order had been refused that would end the transaction (p. 215). See, also, Meyer (*op. cit.*, vol. 2, p. 103, n. 2) : "A broker is not obligated to accept an order of a customer for execution, even if the customer has a credit balance with the broker," citing *Blyth* v. *White* (49 Ga. App. 738). Plaintiffs have cited no authority to the contrary. They rely on quotations to the effect that a broker who fails to carry out an order which he has accepted is liable for the consequences. This is quite a different proposition.

Here there is no question of the promptness of the refusal. Concededly it was immediate. Thereupon plaintiffs could have taken whatever steps they deemed advisable to dispose of the bonds. Note that plaintiffs do not claim that they ever demanded the bonds and their demand was refused. In fact, the proof shows that when they did request delivery of some of the bonds to another broker, the request was immediately complied with.

The order .should be reversed on the law, with costs and the complaint dismissed.

BOTEIN, P. J., VALENTE, McNALLY and STEVENS, JJ., concur.

Order, entered on November 12, 1964, unanimously reversed, on the law, with $30 costs and disbursements to appellants and defendants' motion for summary judgment dismissing the complaint granted, with $10 costs.