**Joseph MORAN, Plaintiff,**

v.

**KIDDER PEABODY & CO., a corporation, and Bruce Barbers, an individual, Defendants.**

**No. 84 Civ. 9110 (RWS).**

United States District Court, New York.

Sept. 30, 1985.

Felix T. Gilroy, Staten Island, N.Y., for plaintiff.

Shanley & Fisher, P.C., New York City (Matthew Farley and Robert G. Brehme, New York City, of counsel), for defendant Kidder Peabody & Co.

## OPINION

SWEET, District Judge.

Defendants Kidder Peabody & Co. ("Kidder") and Bruce Barbers ("Barbers") have moved to dismiss the amended complaint of plaintiff Joseph Moran ("Moran") under Rules 9(b) and 12(b)(6), Fed.R.Civ.P. For the reasons set forth below the motion is granted and the amended complaint dismissed without costs.

The initial complaint was dismissed pursuant to an opinion of May 7, 1985, familiarity with which is assumed. Leave to replead was granted, and the amended complaint is now attacked by Kidder as insufficient to satisfy the requirements of Rule 9(b) and to set forth federal jurisdiction under Rule 12(b)6.

**The Facts**

The amended complaint describes a series of events, all too familiar. Moran, "a businessman engaged in car sales," met Barbers, a registered representative of Kidder, in its Morristown office, and the seller became a buyer. Moran transferred his trading account from Tradex Corporation to Kidder, a registered broker dealer.

Barbers assured Moran he would save on commissions as a result of the transfer, and Moran executed a Customers Agreement and a Put and Call Options agreement on June 18, 1983, and thereafter deposited funds with Kidder for trading purposes. Moran contends that credits were thereafter posted to Moran's account as a result of trades in Oak Industries Inc. stock. Although Barbers informed Moran that the trades were recorded in error, the credits remained in the account. In addition, certain errors were made with respect to the Member Authority to Transfer and Receive Account (Form 412) the apparent effect of which was to conceal that Moran's account was a margin account. According to Moran, the effect of these actions was to maintain an artificial credit in his account for approximately six weeks, which Barbers used to cover the purchase of various unauthorized and unrequested securities. Barbers allegedly represented to Moran that these unauthorized trades, referred to in paragraphs 7 and 10 of the amended complaint, were mistakes which would be corrected.

On August 18, 1983 Kidder settled Moran's account with Tradex, which represented a margin account of $25,401.00 rather than a credit of approximately $19,000.00 as it had previously been recorded. The effect of this settlement and the rectification of the Oak Industries errors in combination with the allegedly unauthorized transactions entered into by Barbers was apparently to create an insufficient cash balance in Moran's account. Moran complained to a Kidder supervisor and deposited an additional $10,000 "to keep everything going." Notwithstanding, on September 7 Kidder liquidated Moran's account resulting in an $89,768.95 loss. Barbers is alleged to have earned $11,000 in commissions by his conduct.

**Discussion**

While the amended complaint is replete with conclusory allegations, for the purposes of these motions, Moran's own definition of his cause is accepted. In determining the sufficiency of a complaint pursuant to a motion under Fed.R.Civ.P. 12(b)(6), a court must accept the plaintiff's allegations in the complaint as true and resolve every doubt in favor of the plaintiff. *Conley v.*

*Gibson,* 335 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–56, 78 S.Ct. at 101–2.

To an extent, the amended complaint successfully cures the defects of the original complaint under Fed.R.Civ.P. 9(b). Moran has submitted a one count amended complaint, alleging securities fraud violations under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C., Section 78j(b), rule 10(b)–5, 17 C.F.R., Section 240.-10(b)–5. The amended complaint paints a clear and concise picture of a fraudulent act. Moran was induced to transfer his account from his former brokerage house, Tradex Corporation, to Kidder based on the statements of Barbers that he would pay less commissions than at his former brokerage house. Moran would concede that this act in and of itself would not be grounds for legal action. It is rather the first step in the fraudulent conduct of Barbers which resulted in Moran's loss of approximately $90,000.00, in less than six weeks.

By reference to the transactions at issue in the conversations, the complaint sets forth the times at which various additional misrepresentations were allegedly made by Barbers while he was an employee of Kidder. In paragraphs 7–10 the complaint states the nature of the representations made by Moran as well as the context in which they were made. Furthermore, the complaint specifies the consequences to Moran of Barbers' fraud. The specific statements in the complaint set forth both specific deceptions by the defendants and a general scheme to defraud him. Moran's amended pleadings satisfy this Circuit's requirements for pleading fraud with particularity. *See Todd v. Oppenheimer & Co., Inc.,* 78 F.R.D. 415, 420–21 (S.D.N.Y.1978).

■ However, the complaint fails to establish grounds for the exercise of federal jurisdiction over Moran's claim. In order to state a claim under section 10(b), Moran must allege that (1) the defendants misrepresented or omitted to state material facts in connection with the purchase or sale of a security; (2) Moran relied to his detriment upon defendants misrepresentations and omissions; and (3) defendants made their misrepresentations or omissions with scienter. *Savino v. E.F. Hutton & Co., Inc.,* 507 F.Supp. 1225, 1231 (S.D.N.Y.1981).

■ None of the allegations contained in the amended complaint identifies a specific misstatement or omission made in connection with the purchase or sale of a specific security. Assuming that the alleged alterations of Form 412 were a misstatement by the defendants, Moran has failed to allege an adequate connection between Form 412 and the purchase or sale of any particular security. As noted in the earlier opinion, Moran did not discover the alterations until after trading was completed, and there is no suggestion that he made any investment decision or acted in any manner in reliance on the form.

■ As to the alleged reports made by Barbers concerning the status of Moran's account, Moran has not alleged that they were made in connection with the purchase or sale of any securities. Even if these status reports resulted in the account remaining at Kidder, the mere retention of a brokerage account does not form the basis of a claim under Rule 10b–5 because any misrepresentation did not induce the purchase or sale of a particular security in reliance upon any report from Barbers. *Troyer v. Karcagi,* 476 F.Supp. 1142, 1198 (S.D.N.Y.1979). Moran contends in paragraph 11 that Barbers promised but failed to purchase stocks requested by Moran. However, only actual purchasers or sellers of a security have standing to maintain an action under Rule 10b–5. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 731, 95 S.Ct. 1917, 1919, 1923, 44 L.Ed.2d 539 (1975).

Moran goes on to say that he "relied on the statements made by defendant Barbers

regarding the status of his account and, even from time to time, sold additional stocks through defendants Kidder, Peabody and Barbers," ¶ 11. However, even assuming that this statement is intended to allege that Moran would not have sold certain unidentified stocks but for his understanding from Barbers of the status of his account, an interpretation which may not be accurate given the overall context of the statement, the line between the misstatements as to the condition of Moran's account and any securities allegedly sold by Moran in reliance on these misstatements is not sufficient to sustain a claim under Rule 10b–5 because the misstatements are of a general nature and are not in reference to any particular security. Although significant to the course of conduct, the alleged misrepresentations as to the status of the account and the manner in which it was being handled by Barbers did not relate to specific securities and thus do not state an action for fraud under 10b–5. *See SEC v. Drysdale Securities Corp.,* 606 F.Supp. 295, 299 (S.D.N.Y.1985); *Chemical Bank v. Arthur Andersen & Co.,* 726 F.2d 930 (2d Cir.1984).

Whether or not a broker faithfully performs a customer's orders is an agency question. *See Busch v. E.F. Rothschild & Co.,* 23 A.D.2d 189, 259 N.Y.S.2d 239 (A.D. 1st Dept.1965). Because he has failed to establish grounds for federal jurisdiction, Moran's 10b–5 claims are therefore dismissed.

In light of the previous decision and the granting of leave to amend, the claims will be dismissed with prejudice. As Judge Friendly noted in *Denny v. Barber,* 576 F.2d 465, 471 (2d Cir.1978) where a district court judge puts plaintiff's counsel "on the plainest notice of what was required," justice does not require the court to "engage in still a third go-around." *See also Decker v. Massey-Ferguson Ltd.,* 681 F.2d 111, 115 (2d Cir.1982) (district court's refusal to give plaintiff's attorneys a third attempt to restate securities fraud allegations not an abuse of discretion).

**IT IS SO ORDERED.**