**TRAK MICROCOMPUTER CORPORATION, and Dr. Prem S. Chopra, Plaintiffs,**

v.

**WEARNE BROTHERS, et al., Defendants.**

**No. 84 C 7970.**

United States District Court, N.D. Illinois, E.D.

Oct. 25, 1985.

Louis P. Buffardi, Oak Brook, Ill., John W. Conniff, Chicago, Ill., for plaintiffs.

David L. Schiavone, James T. Nyeste, Wildman, Harrold, Allen & Dixon, Chicago, Ill., H. Van Sinclair, George R. Kucik, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

Plaintiffs Trak Microcomputer Corporation ("Trak") and Dr. Prem S. Chopra bring this action against defendants Wearne Bros. ("Wearne"), Wearnes (USA), Inc. ("Wearnes USA"), Wearnes Technology Pvt. Ltd. ("Wearnes Tech"), and Weltec Digital, Inc. ("Weltec"). Wearnes USA and Weltec have filed a counterclaim against Trak, Chopra, and James M. Rehnquist (even though the counterclaim, inso-

far as it applies to Rehnquist, who is not a plaintiff in this action, should be captioned a third-party complaint, it will hereinafter be referred to as the "counterclaim" and Rehnquist will be referred to as a counterdefendant). This cause is before this court on plaintiffs' motion for an order compelling Wearnes Tech to answer, the motion of the counterdefendants to dismiss the counterclaim, and defendants' motion to dismiss various aspects of plaintiffs' amended complaint.

*Plaintiffs' Motion For an Order to Compel Wearnes Tech to Answer*

▪ Plaintiffs contend that Wearnes Tech, a Singapore corporation, was served with the complaint and summons in Singapore by mail, pursuant to Fed.R.Civ.P. 4(i)(1)(D). Rule 4(i)(1)(D) permits service in a foreign country to be made by any form of mail requiring a signed receipt, addressed and dispatched by the Clerk of the Court to the party to be served. Plaintiffs assert, and it is not disputed, that a summons and complaint were mailed to Wearnes Tech by the Clerk, return receipt requested. The summons and complaint, however, were returned to the Clerk. The envelope in which they had been sent was marked in a manner which reflected that the reason for the non-delivery of the package was that the package was refused. The package does not indicate by whom or for what reason the package was refused.

Rule 4(i)(2) provides that proof of service made pursuant to Rule 4(i)(1)(D) shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court. By memorandum opinion and order dated February 15, 1985 (the "memorandum opinion"), this court granted Wearne Tech's motion to dismiss on the basis that it had not been effectively served. This court held that Trak had not provided any proof of delivery to Wearnes Tech; Trak did not produce a receipt signed by the addressee or any other proof of delivery. Memorandum opinion at p. 8.

This court now finds, based on the evidence before it, that plaintiffs have presented sufficient evidence of delivery of the summons and complaint to satisfy Rule 4(i)(2). The manner in which the returned envelope was marked suggests that actual delivery of the summons and complaint was made to Wearnes Tech. On the envelope, the Postal Service provided a space for the mail carrier to mark the reason for not delivering the package. The possible reasons for non-delivery were "gone away," "no such name," "no such number," or "refused." The mail carrier only marked "refused." It is reasonable to infer from this mark that the summons and complaint were delivered to Wearnes Tech at the address specified by the Clerk, but, for some unknown reason, a person who apparently spoke on behalf of Wearnes Tech refused to accept the package.

In addition to the evidence before this court which suggests that delivery of the summons and complaint was made on Wearnes Tech, this court also notes that Wearnes Tech has actual notice of the case at bar. Appearances have been filed by attorneys on behalf of Wearnes Tech. Thus, there is no danger that Wearnes Tech has not received notice of this action.

In light of the circumstances of this case, this court finds that sufficient proof of delivery of the summons and complaint has been made to satisfy Rule 4(i)(2). Wearnes Tech is ordered to file an answer to plaintiffs' amended complaint within 20 days.

### Plaintiffs' Motion to Dismiss the Counterclaim

The counterclaim against Trak, Chopra, and Rehnquist seeks to recover damages allegedly resulting from the counterdefendants' fraud and misrepresentations. The counterclaim alleges Chopra and Rehnquist were seeking an investor or partner to pour cash into Trak, which was experiencing financial difficulties. To that end, Chopra and Rehnquist initiated meetings in Singapore which led to discussions in May through August of 1984, between Weltec and Wearnes USA on the one hand and the counterdefendants on the other. Wearnes USA and Weltec allege that during these discussions, counterdefendants made a series of false representations and material omissions in order to induce Wearnes USA and Weltec to pursue negotiations with Trak.

Specifically, the counterclaim alleges that the counterdefendants falsified Trak's March 31, 1984 financial statements, failed to disclose Trak's business decline after March 31, failed to disclose problems with certain Trak products, and submitted other financial projections, marketing plans, and brochures which described Trak's future in misleading glowing terms. Wearnes USA and Weltec allegedly relied upon the fraudulent misrepresentations and were misled by the material omissions, incurring damages in connection with their good faith negotiations and by pursuing the Trak venture to the exclusion of others.

■ Counterdefendants contend that the counterclaim should be dismissed because it fails to state the circumstances of the alleged fraud with the particularity required by Rule 9(b). Rule 9(b) requires a complaint for fraud to allege facts concerning the time period of the alleged misrepresentations, the nature of the alleged misrepresentations, and the individuals involved. *Chicago Heights Venture v. Dynamit Nobel of America, Inc.*, 575 F.Supp. 214, 220 (N.D.Ill.1983). Although the allegations of fraud must be concrete and particularized enough to give notice to the defendants of the conduct complained of to enable the defendants to prepare a defense, Rule 9(b) does not require the plaintiff to plead evidentiary matters. *D & G Enterprises v. Continental Illinois National Bank & Trust Co. of Chicago*, 574 F.Supp. 263, 267 (N.D.Ill.1983).

This court finds that the counterclaim alleges fraud with sufficient particularity to withstand a motion to dismiss. The allegations notify the counterdefendants of the general time period in which the alleged misrepresentations were made. In addition, the allegations set forth the content of the alleged misrepresentations and the na-

ture of the material which the counterdefendants omitted to reveal to Wearnes USA and Weltec. Finally, the allegations identify the persons who made the alleged misrepresentations. Because the allegations are sufficient to state a cause of action for fraud under Rule 9(b), counterdefendants' motion to dismiss the counterclaim is denied.

■ Chopra and Rehnquist contend that the counterclaim must nevertheless be dismissed as to them because it does not allege that they made any misrepresentations or material omissions as individuals. Rather, it merely alleges that they acted as officers and agents of Trak. It does not come as a surprise to this court that they fail to cite any authority in support of their argument. The law clearly holds a corporate officer individually liable for the fraudulent acts in which he participates. *Citizens Savings & Loan Association v. Fischer*, 67 Ill.App.2d 315, 322, 214 N.E.2d 612, 615 (5th Dist.1966). The counterclaim alleges Chopra and Rehnquist participated in the fraud. Hence, the counterclaim states a cause of action against them.

*Motion to Dismiss Amended Complaint*

■ Wearne moves for the dismissal of the amended complaint on the ground that this court does not have jurisdiction over it. In the memorandum opinion, this court dismissed Wearne on that basis because this court found that plaintiff failed to carry its burden of establishing a *prima facie* showing that the court had jurisdiction over Wearne. First, Trak failed to present to the court any contacts which Wearne had with Illinois. Second, even though Trak argued that the jurisdictional acts of Weltec and Wearnes Tech, Wearnes' subsidiaries, should be imputed to Wearne, Trak failed to set forth any reason for this court to ignore the separate corporate existence of Wearne and its subsidiaries.

In the amended complaint, plaintiffs allege, upon information and belief, that Wearne controls Wearnes USA, Weltec, and Wearnes Tech by virtue of stock hold-ings, management control, and influence in the day-to-day operation of the companies. Specifically, plaintiffs allege, upon information and belief, that Wearne controlled Wearnes USA, Weltec, and Wearnes Tech by, *inter alia*, intermingling business transactions and records, not maintaining corporate formalities, and inadequately financing its subsidiaries. In short, plaintiffs allege Wearne is the alter ego of its subsidiaries and should be held responsible for their acts, including their acts in Illinois which give rise to this court's jurisdiction over the subsidiaries.

Wearne argues that plaintiffs' amended complaint should be dismissed because this court already rejected Trak's alter ego argument in the memorandum opinion. This court, however, did not categorically reject the contention that Wearne may be liable for the acts of its subsidiaries as their alter ego, but merely held that plaintiff had not demonstrated any basis for this court to find that Wearne was the alter ego of its subsidiaries.

Taking plaintiffs' allegations as true, which this court must do on a motion to dismiss, this court finds that plaintiffs allege a basis for this court to have jurisdiction over Wearne. Plaintiffs allege circumstances under which Wearne might be found to be the alter ego of its subsidiaries. That is not to say that this court finds that Wearne is the alter ego of its subsidiaries. Rather, this court only holds that plaintiff has alleged a sufficient basis for this court to permit plaintiff to engage in discovery concerning the relationship between Wearne and its subsidiaries. This court will not determine whether it has jurisdiction over Wearne on the basis of the alter ego doctrine until the facts regarding the relationship between Wearne and its subsidiaries are before this court.

Defendants next attack Count VII of the amended complaint, which purports to state a cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. Count VII alleges that the defendants Wearne, Wearnes USA, Weltec, and Wearnes Tech constitute

an enterprise within the meaning of § 1961(4). It further alleges that each of the four defendants are persons within the meaning of § 1961(3). Plaintiffs then allege that the four defendants have been employed or associated with the enterprise by a pattern of racketeering activity and each has conspired to violate §§ 1962(b) and (c). Plaintiffs also allege that the defendants committed at least two acts of mail fraud and wire fraud in furtherance of their scheme to defraud plaintiffs. The alleged fraudulent scheme was the defendants' creation of the appearance of good faith contract negotiations supposedly aimed at legitimately obtaining microcomputer technology while failing to disclose that they had no interest in honoring any agreement. The alleged objective of the fraudulent scheme was to obtain the disclosure of valuable competitive information without paying for it.

■ Defendants first attack Count VII on the ground that plaintiffs' fraud allegations fail to state a claim because plaintiffs merely allege reliance on statements regarding future actions, not misrepresentations of past or present fact. This court dismissed Trak's original fraud claim because it merely alleged that Trak had relied on defendants' statements regarding their future actions. Memorandum opinion at p. 10.

The fraudulent scheme alleged in Count VII differs, however, from the fraud count Trak alleged in its original complaint. Plaintiffs now allege that defendants' false representations of their intentions regarding their future conduct were the scheme by which the defendants accomplished their fraud. As such, the allegations fall within the scope of *Carroll v. National Bank of Lincolnwood*, 413 F.2d 353, 358 (7th Cir. 1969), where the court recognized that even though false representations regarding future conduct cannot state a cause of action for fraud generally, they may sustain a cause of action for fraud where the representations regarding future conduct are claimed to be the scheme used to accomplish the fraud.

■ Defendants next assert that plaintiffs' allegations of mail and wire fraud are not pled with the requisite particularity. Plaintiffs specifically identify one mailing, the Stock Purchase and Sale agreement, which was made pursuant to the defendants' alleged scheme, and further identify the contents of that mailing and the identity of the person from whom it originated. In addition, plaintiffs allege that a number of phone calls were made pursuant to the scheme. Plaintiffs provide the general time frame in which these calls were made and the nature of the content of the calls.

In order to hold an individual liable for mail fraud, it must merely be shown that the defendant participated in a scheme to defraud in which the use of the mails was foreseeable. *United States v. Hasenstab*, 575 F.2d 1035, 1039 (2d Cir.1978), *cert. denied*, 439 U.S. 827, 99 S.Ct. 100, 58 L.Ed.2d 120 (1979). Plaintiffs have met this standard with respect to both their mail fraud and wire fraud allegations. In addition, the plaintiffs' description of the fraudulent scheme and their identification of the transactions by which the scheme was accomplished put defendants on fair notice of the time and place of the alleged false representations. *See Haroco v. American National Bank & Trust Co.*, 747 F.2d 384, 405 (7th Cir.1984), *aff'd*, — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).

■ Defendants next argue that plaintiffs fail to adequately allege an "enterprise" within the meaning of RICO. First, defendants contend that a group of corporations cannot be an "enterprise" within the meaning of § 1961(4). Section 1961(4) provides that an "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. Although a group of corporations associated in fact is not expressly listed in § 1961(4), that section is not an exclusive list; it merely lists entities which are included in the RICO definition of "enterprise." Thus, a group of corporations can constitute a RICO "enterprise." *United States v. Huber*, 603

F.2d 387, 393–94 (2d Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). *See also Bunker Ramo Corp. v. United Business Forms, Inc.,* 713 F.2d 1272, 1285 (7th Cir.1983) (an enterprise includes the entities listed in § 1961(4) or any combination of them).

▪ Second, defendants argue that a RICO "enterprise" must be a separate entity from the RICO defendants. In *Haroco,* the Seventh Circuit recognized § 1962(c) required that the liable person and the enterprise which has its affairs conducted through a pattern of racketeering activity must be separate entities. *Haroco,* 747 F.2d at 400. Plaintiff has pled as much. The alleged enterprise is the association in fact of the four corporate defendants and the alleged liable persons are each of the four individual corporate defendants. Thus, the persons allegedly liable for the § 1962(c) violation are distinct entities from the alleged enterprise. This conclusion is consistent with the *Haroco* court's observation that in the association in fact situation, each participant in the enterprise may be a person liable under RICO, whereas the association itself cannot be liable. *Id.* at 401.

Defendants finally challenge plaintiffs' RICO claim on the basis that it fails to allege a "pattern of racketeering activity." As with many of the terms used in the RICO statute, the statute itself provides a definition. Section 1961(1) defines "racketeering activity" as any one of a number of specified illegal acts, including mail fraud and wire fraud. Section 1961(5) provides that "a pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of the statute and the last of which occurred within 10 years after the commission of a prior act of racketeering activity.

Defendants ask this court to find that plaintiffs have failed to allege "a pattern of racketeering activity" in light of the rationale of *National Trust Bank/O'Hare N.A. v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill. 1985), wherein Judge Shadur explored the "pattern" component of a RICO claim.

Judge Shadur began by examining language found in the recent Supreme Court case of *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), where the Supreme Court suggested that one of the reasons for the "extraordinary" uses to which civil RICO has been put is the failure of the courts to develop a meaningful concept of "pattern." *Sedima,* 105 S.Ct. at 3287. The Court stated:

> As many commentators have pointed out, the definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance, two of anything do not generally form a "pattern." The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added). Similarly, the sponsor of the Senate bill, after quoting this portion of the Report, pointed out to his colleagues that "[t]he term 'pattern' itself requires the showing of a relationship.... So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern...." 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan). *See also id.,* at 35193 (statement of Rep. Poff) (RICO "not aimed at the isolated offender"); House Hearings, at 665. Significantly, in defining "pattern" in a later provision of the same bill, Congress was more enlightening: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, partici-

pants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3575(e). This language may be useful in interpreting other sections of the Act. *Cf. Iannelli v. United States,* 420 U.S. 770, 789, 95 S.Ct. 1284, 1295, 43 L.Ed.2d 616 (1975). *Sedima,* 105 S.Ct. at 3285 n. 14.

Based upon his reading of this language in *Sedima,* Judge Shadur rejected the Seventh Circuit precedent which found the "pattern" element of RICO to be satisfied by the presence of at least two acts of "racketeering activity" taken in furtherance of a single criminal end. *See, e.g. United States v. Starnes,* 644 F.2d 673, 677–78 (7th Cir.1981); *United States v. Weatherspoon,* 581 F.2d 595, 601–02 (7th Cir.1978). Judge Shadur held that the "continuity plus relationship" formula from *Sedima* required that plaintiff allege more than two acts of "racketeering activity"— there, the mailing of a subcontract and the mailing of a kickback check—to establish a "pattern." Judge Shadur further observed, even though he need not decide the issue, that even if three additional kickback payments involved the mails, they still implemented the same fraudulent scheme— and the single scheme does not represent the necessary "pattern of racketeering activity." 105 S.Ct. at 3281.

■ This court agrees with Judge Shadur's analysis of RICO and *Sedima* insofar as it states that more than a mere counting of "racketeering activity" is necessary to determine whether a "pattern of racketeering activity" has been stated. The criminal acts must demonstrate both a continuity and a relationship. However, this court does not agree with the suggestion that a "pattern of racketeering activity" cannot be established with respect to a single fraudulent scheme.

In determining the meaning of a "pattern of racketeering activity," this court is bound to the language of the RICO statute. That act defines what a "racketeering activity" is. The act does not suggest that a "pattern of racketeering activity" means a

pattern of fraudulent schemes; it merely requires a pattern of "racketeering activity." *Sedima* does not compel a contrary interpretation. Nothing in the language of *Sedima* suggests that in order to find a "pattern of racketeering activity" a pattern of fraudulent schemes must be pled. Rather, *Sedima* only requires that the racketeering activity be continuous and related.

■ This court finds that plaintiffs have alleged a "pattern of racketeering activity." Plaintiffs allege that defendants engaged in numerous acts of "racketeering activity" which were continuous over an identified period of time and which were related to one another in furtherance of the alleged fraudulent scheme. These allegations satisfy the continuity plus relationship standard of *Sedima.*

This court finds that plaintiffs have pled a cause of action under RICO. This court recognizes, however, the ease with which one can state a cause of action under the liberal pleading rules in federal court. In the event plaintiffs' cause of action is subsequently found to be not well-grounded in fact, this court will impose appropriate sanctions.

Defendants next seek the dismissal of Count VIII which alleges Wearnes USA and Wearnes Tech, as majority shareholders of Trak, entered into an employment agreement with Chopra which has allegedly been breached. Defendants first attack this count by arguing that the amended complaint has not alleged that Wearnes USA or Wearnes Tech are shareholders of Trak. This argument ignores plaintiffs' allegation that the employment agreement stemmed from defendants' "status as a majority shareholder of Trak." Whether or not that allegation is true is not a determination appropriate for resolution on a motion to dismiss.

■ Defendants next argue that even if Wearnes USA was a majority shareholder of Trak, it would not have the authority to unilaterally enter into contracts on behalf of the company because the powers of management are vested in the board of

directors, Ill.Rev.Stat. ch. 32, § 8.05. However, the selection of corporate officers is not a task reserved solely for the board of directors. *See id.* at § 8.50 (officers may be elected or appointed by the board of directors or in such manner as may be prescribed by the by-laws).

Defendants' final argument for dismissing Count VIII is also without merit. Defendants contend that the agreement would only reaffirm Chopra's continued position with Trak. This argument does not, however, address whether or not plaintiffs have stated a cause of action for breach of contract. Defendants' motion to dismiss Count VIII is denied.

Because of this court's ruling with respect to plaintiffs' motion to compel Wearnes Tech to answer, Wearnes Tech's motion to dismiss plaintiffs' amended complaint for insufficiency of process is denied.

In sum, plaintiffs' motion to compel Wearnes Tech to answer is granted, counterdefendants' motion to dismiss the counterclaim is denied, and the defendants' motion to dismiss portions of plaintiffs' amended complaint is denied.