Anthony Bruce CAPALBO, Anthony Mario Capalbo, Donald F. D'Antonio, Dale Destree, Richard Destree, Dave Ibarra, Gary Larocco, John A. Larocco, Dimitri Manolis, George Manolis, Georgia Manolis, Robert J. Nedza, Victor C. Ramirez, Lawrence S. Sowa, Albert S. Tucker, Koji Yaguchi, and Masaharu Yaguchi, Plaintiffs,

v.

PAINE WEBBER, INCORPORATED, a Delaware Corporation, and Jeffrey Gallagher, Defendants.

No. 86 C 9421.

United States District Court, N.D. Illinois, E.D.

Aug. 7, 1987.

Edward S. Margolis, Keith A. Ligon, Leo Feldman, Teller, Levit & Silvertrust, P.C., Chicago, Ill., for plaintiffs.

Michael B. Roche, L. Andrew Brehm, Jeffrey B. Lieberman, Schuyler, Roche & Zwirner, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Plaintiffs brought a nine-count complaint against defendants, Paine Webber, Incorporated ("Paine Webber") and Jeffrey Gallagher. Paine Webber moves to strike and dismiss pursuant to Rules 9(b), 12(b)(6), and 12(f). *See* Fed.R.Civ.P. 9(b), 12(b)(6), 12(f). For the following reasons, the motion is granted in part and denied in part.

FACTS

Plaintiffs allege Gallagher, a registered securities salesman and agent of Paine Webber, solicited their investment in brokerage accounts by making certain representations concerning his qualifications as an investment broker and his ability to earn an average of 10% per month on investments. Gallagher allegedly told plaintiffs he employed a conservative, low-risk "investment system" which, through the utilization of certain investment strategies and the purchase of certain types of securities, would permit him to "get out" when the market turned against his expectations and restrict losses to 10–20% of the amount of plaintiff's investment at risk at any given time. Gallagher allegedly insisted his system was conservative and certain to succeed and assured plaintiffs that he would constantly monitor their accounts, employ stop liquidation when necessary, and provide them with accurate client reports. Plaintiffs allege they opened and invested in brokerage accounts in reliance on Gallagher's representations.

After plaintiffs opened and invested in the accounts, Gallagher verbally reported

to the plaintiffs that the system was working successfully, meeting expectations, and either creating profits or sustaining small losses which would be made up quickly. Plaintiffs allege that in November, 1986, the reports "altered dramatically, and it was confirmed ... the investment system was, and had been, sustaining great losses to each plaintiff." Plaintiffs allege Gallagher made numerous representations and material omissions (discussed more fully below) to induce them to permit defendants to invest funds on plaintiffs' behalf and to permit funds already invested to remain invested.

Counts I and IA of the amended complaint allege violations of Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b), and SEC Rule 10b–5, 17 C.F.R. § 240.10b–5. Counts III and IIIA allege violations of Section 17(a) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77q(a). Counts IV and IVA allege violations of Section 12 of the Illinois Securities Law of 1953 ("Illinois Securities Law"), Ill.Rev.Stat. ch. 121½, § 137.12 (1985). Counts V and VA allege the defendants engaged in "churning" in violation of Sections 10(b) and 15(c)(1) of the 1934 Act, 15 U.S.C. § 78o(c)(1). Counts VI and VIA allege common law fraud and Counts VII and VIIA are based on breach of contract. Count VII alleges Paine Webber recklessly breached its duty to supervise Gallagher's handling of plaintiffs' accounts. The court will consider the arguments presented by Paine Webber in support of their motion in the order in which they are presented in its supportive memorandum.

*Rule 9(b)—Fraud Allegations in General*

Paine Webber seeks dismissal of those counts of the complaint based on fraud (all counts except VII, VIIA, and VIII) for failure to plead with the specificity required under Rule 9(b). *See* Fed.R. Civ.P. 9(b). Defendants point to a number of deficiencies which the court finds do not require dismissal. Rule 9(b)'s requirement that "the circumstances constituting fraud ... be stated with particularity" must be read together with the general require-

ments of Rule 8(a) that plaintiff need only plead a "short and plain statement of the claim" showing their entitlement to relief. *Id.;* Fed.R.Civ.P. 8(a). Read together, the rules require the time, place, and contents of the fraud to be plead, but do not require the plaintiff to plead evidence. *Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975); *Coca–Cola Co. Foods Div. v. Olmarc Packaging Co.,* 620 F.Supp. 966, 973 (N.D. Ill.1985). Generally, a complaint is considered sufficient if it sets forth the time, place, particular contents of the false representations, the identity of the party making the misrepresentations, and the consequences of the misrepresentations. *Onesti v. Thomson McKinnon Securities, Inc.,* 619 F.Supp. 1262 (N.D.Ill.1985).

In the present case, plaintiffs have sufficiently set forth the time period during which the misrepresentations and omissions are alleged to have been made. *See Dunham v. Independence Bank of Chicago,* 629 F.Supp. 983, 987 (N.D.Ill.1986) ("range of dates" sufficient); *Trak Microcomputer Corp. v. Wearne Bros.,* 628 F.Supp. 1089, 1092 (N.D.Ill.1985) ("general time period" sufficient); *Onesti,* 619 F.Supp. at 1265 ("approximate time frame" sufficient). The alleged misrepresentations and omissions are separately listed and sufficiently detailed. The allegations identify Gallagher as the party who made the misrepresentations and as the person responsible for the omissions. Finally, plaintiffs allege that they opened and retained accounts and incurred monetary losses as a consequence of their reliance on the alleged fraudulent conduct.

Rule 9(b) does not, as defendants suggest, require plaintiffs to identify which particular misrepresentations were made to each plaintiff. The purpose of Rule 9(b) is to ensure that defendants receive fair notice of the particular circumstances underlying plaintiffs' fraud claims. *Tomera,* 511 F.2d at 508. Under the facts of the present case, that purpose is not disserved by defendants not being informed of the misrepresentations and omissions they have allegedly made to each particular plaintiff. The same could not be said of a

complaint which failed to identify out of a list of defendants which defendant made which misrepresentation. *See, e.g., D & G Enterprises v. Continental Illinois Nat'l Bank and Trust Co. of Chicago,* 574 F.Supp. 263 (N.D.Ill.1983). In that instance there is the danger one defendant could be held to account for the misrepresentations of another. *See D & G Enterprises,* 574 F.Supp. at 267. That danger does not exist in the present case.

In sum, the court finds the allegations of fraud are, in general, sufficient to satisfy the requirements of Rule 9(b).

*Rule 9(b)—"Churning"*

■ The court agrees with defendants that Counts V and VA are insufficient to state a claim for "churning" under the specificity requirements of Rule 9(b). Churning is a course of excessive trading through which a broker advances his own interests (e.g., commissions based on volume) over those of his customer. *Costello v. Oppenheimer & Co.,* 711 F.2d 1361, 1367 (7th Cir.1983); *see generally,* Note, *Churning by Securities Dealers,* 80 Harv.L.Rev. 869 (1967). The district courts in this circuit have held that plaintiffs attempting to state claims for churning must "identify the securities involved, the nature, amount and dates of the transactions in question and sufficient facts to allow for a determination of the turnover ratio in the account and/or the percentage of the account value paid in commissions." *Winkler v. Merrill Lynch, Pierce, Fenner & Smith,* 642 F.Supp. 122, 125 (N.D.Ill.1986); *see also, Russo v. Bache Halsey Stuart Shields, Inc.,* 554 F.Supp. 613 (N.D.Ill.1982); *Baselski v. Paine, Webber, Jackson & Curtis, Inc.,* 514 F.Supp. 535 (N.D.Ill.1981). The court concurs with the pleading requirements set forth in those decisions, at least to the extent that they require allegations of the account value and sufficient facts from which the turnover ratio can be ascertained. *See Baselski,* 514 F.Supp. at 541. Counts V and VA do not even come close to meeting the requirements. Plaintiffs cannot escape the requirements merely because there are "hundreds of transactions involved." *Pltff's Mem. in Resp.* at 9. In

a churning claim, it is the number of transactions that is at the heart of the claim. Counts V and VA fail to allege churning with the specificity required by Rule 9(b) and are, therefore, dismissed.

*Rule 9(b) and Notice—Illinois Securities Law Claims*

■ In its initial brief, Paine Webber argued plaintiffs' Illinois Securities Law claims failed to allege fraud with the specificity required by Rule 9(b) because the specific subsections of Section 12 which defendants allegedly violated were not identified. Paine Webber has apparently decided not to pursue that argument in light of plaintiffs' response which points out that the specific subsections are, in fact, identified in the complaint. Paine Webber now asserts the claims are barred by the notice requirements contained in the Illinois Securities Law. *See* Ill.Rev.Stat. ch. 121½, § 137.13 (1985). However, plaintiffs have not had an opportunity to respond to that argument and the court will not rule without the benefit of that response. Plaintiffs shall respond solely to that argument within 14 days from the date of this order. Plaintiffs should keep in mind in formulating their response that the only remedy available under the Illinois Securities Law is rescission and that remedy is expressly conditioned upon purchasers giving notice of their election to rescind to the person from whom a recovery is sought. *Peoria Union Stock Yards Co. Retirement Plan v. Penn Mutual Life Insurance Co.,* 698 F.2d 320 (7th Cir.1983); *Renovitch v. Stewardship Concepts, Inc.,* 654 F.Supp. 353 (N.D.Ill.1987).

*Rule 12(b)(6)—Section 10(b) and Rule 10b–5 Claims*

■ Defendants contend plaintiffs Section 10(b) and Rule 10b–5 claims should be dismissed for failure to allege fraud "in connection with the purchase or sale of a security." *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5. The court agrees. In *O'Brien v. Continental Illinois National Bank and Trust,* 593 F.2d 54 (7th Cir. 1979), the Seventh Circuit concluded that the relevant inquiry in determining wheth-

er a claim falls within the fundamental purpose of Section 10(b) "is whether plaintiffs were denied information that would or might have been useful to them in deciding whether to purchase or sell securities which they actually did purchase or sell." *O'Brien,* 593 F.2d at 60. The important point in the analysis is whether the misrepresentations or omissions relate to the purchase or sale of a security. *Id.; See also Congregation of the Passion v. Kidder Peabody & Co.,* 800 F.2d 177 (7th Cir.1986). If the plaintiffs vested total discretion in Gallagher as to whether to purchase or sell, and retained no veto power over those decisions, the misrepresentations and omissions alleged could not relate to their own decision to purchase or sell. *Id.* Plaintiffs argue the discretionary nature of the account is a question of fact which cannot be decided on a motion to dismiss. The court disagrees.

The misrepresentations and omissions which plaintiffs have alleged do not relate to their own decisions to purchase or sell securities. The representations alleged in paragraph 15 of the complaint are characterized as inducements to open brokerage accounts and are, therefore, unrelated to any decision to purchase or sell securities. The allegations of paragraph 17 relate to the monitoring of the accounts, not to the purchase or sale of securities. Similarly, paragraphs 18 and 19 refer to Gallagher's assurances that the investment system was working well, not to the sale or purchase of any particular securities. The alleged misrepresentations and omissions listed in paragraph 20 are similarly flawed. They all refer to inducements to permit defendants to invest funds on plaintiffs' behalf and to allow the funds already invested to remain invested. In sum, all of the misrepresentations and omissions identified in the complaint relate to the establishment, functioning, and status of the brokerage accounts, not to the sale or purchase of any particular securities. It is the nature of the misrepresentations and omissions alleged which renders plaintiffs Section 10(b) claims defective, not the nature of the accounts. The exception which plaintiffs attempt to place themselves within applies only where the fraudulent conduct can affect the plaintiff-investor's decision to invest in particular securities. *See, e.g., Lewelling v. First California Co.,* 564 F.2d 1277 (9th Cir.1977). In the present case, the very nature of the alleged fraudulent conduct relates to the decision as to whether to retain an investment account, not the decision to purchase or sell securities. *See Moran v. Kidder Peabody & Co.,* 617 F.Supp. 1065 (S.D.N.Y.1985) (fraudulent inducements to open and retain accounts not actionable). Because the alleged misrepresentations and omissions were not made in connection with the purchase or sale of securities, Counts I and IA are dismissed.

*Rule 12(b)(6)—Section 17 Claims*

■ Defendants contend no private cause of action exists under Section 17(a) of the 1933 Act. 15 U.S.C. § 77q(a). Although the Seventh Circuit has not ruled on the issue, the court finds the reasoning of the court in *Preston v. Kruezer,* 641 F.Supp. 1163 (N.D.Ill.1986), and the cases cited therein, persuasive and dispositive. No private cause of action exists under Section 17(a). Counts III and IIIA are, therefore, dismissed.

*Jurisdiction*

The only counts remaining are based on violations of Illinois law. Plaintiffs' jurisdictional allegations refer to those claims as pendent state law claims. However, the allegations are sufficient to establish the basis for the court's exercise of diversity jurisdiction. *See* 28 U.S.C. § 1332. The court will, therefore, exercise jurisdiction over those claims and rule on Paine Webber's arguments in support of their dismissal.

*Common Law Fraud*

The court agrees with Paine Webber that many of the misrepresentations which plaintiffs allege form the basis for a claim of common law fraud are insufficient. Under Illinois law, an action for fraud can only be based upon representations regarding present conditions or past acts, not future promises or intentions. *Hurley v. Frontier Motors, Inc.,* 12 Ill.App.3d 905,

299 N.E.2d 387 (1973). Illinois does not recognize an exception to this rule where the one who makes the future promise has no present intention to perform. *Id.* Similarly, mere opinions as to future events are not actionable. *Ziskin v. Thrall Car Mfg. Co.*, 106 Ill.App.3d 482, 62 Ill.Dec. 255, 435 N.E.2d 1227 (1982).

■ The allegations contained in paragraphs 15(c)-(f) relate to Gallagher's intentions to follow a certain system in the handling of plaintiffs' accounts and, therefore, constitute promises of future acts. The allegation in paragraph 16 referring to the certainty of success of the system constitutes an opinion as to future events. Likewise, paragraph 20(a) refers to the future success of plaintiffs' investments and constitutes an opinion as to future events. Paragaphs 20(b), (f), (g), (h), and (i) refer to the expected rate of return on plaintiffs' investments and the acts which would be taken to monitor the accounts. Those alleged misrepresentations constitute either opinions as to future events or promises to perform future acts. The aforementioned allegations are insufficient to form the basis for a fraud claim under Illinois law and are, therefore, stricken. *See* Fed.R.Civ.P. 12(f).

■ The remaining alleged misrepresentations relate to Gallagher's experience as an investment advisor (paragraphs 15(a), (b), 20(e)), the nature of the investment system (paragraph 16), the present status of the accounts (paragraphs 18, 19), Paine Webber's capability to monitor the accounts (paragraphs 20(c), (d)), and the importance of certain forms plaintiffs would be required to sign (paragraph 20(k)). Those misrepresentations refer to existing facts and may be actionable. Paine Webber's motion to strike those allegations is, therefore, denied.

■ Paragraphs 20(1)–(*o*) allege omissions which plaintiffs claim were material and, in light of the circumstances, misleading. Paine Webber correctly points out that under Illinois law silence cannot constitute fraud in the absence of a duty to speak. *See, e.g., Manning v. Ashland Chemical Co.*, 498 F.Supp. 1382 (N.D.Ill.

1980). However, given plaintiffs' allegations that they were unsophisticated investors relying upon defendants' expertise in handling investments, the court cannot conclude, as a matter of law, defendants had no duty to reveal the matters which they are alleged to have omitted. Paine Webber's motion to strike those paragraphs is, therefore, denied.

### Illinois Securities Law Claims

The parties have not separately briefed the issue of whether the alleged misrepresentations are sufficient to state a claim for violation of the Illinois Securities Law. The court notes the Illinois law has been interpreted in conformity with federal law. *See Hidell v. International Diversified Investments*, 520 F.2d 529 (7th Cir.1975). Nevertheless, the parties should submit their arguments on this issue along with their briefs regarding plaintiffs' entitlement to rescissionary relief.

### Breach of Contract

■ The court agrees with Paine Webber that Counts VII and VIIA fail to state a claim for breach of contract. The complaint merely states "Plaintiffs and Defendants entered into an investment contract whereby they promised to do, or refrain from doing, certain things." In the very least, a breach of contract claim must identify those contractual obligations which the defendant has allegedly failed to perform. The complaint does not allege the nature of Paine Webber's contractual obligations or how they were breached. The incorporation of the previous paragraphs of the complaint cannot cure this deficiency. For example, plaintiffs allege Gallagher represented that he would provide accurate client reports. Nowhere in the complaint is it alleged that the reports which were provided pursuant to that undertaking were inaccurate or that such reports were not provided. The same is true of the other misrepresentations and omissions alleged. All of the previous paragraphs refer to misrepresentations and omissions, not contractual obligations. Counts VII and VIIA are, therefore, stricken.

**1054**

*Reckless Failure to Supervise*

 The court cannot discern the legal basis for Count VIII either from the allegations or from plaintiffs' responsive brief. Plaintiffs assert that the claim is based upon Paine Webber's negligent duty to supervise Gallagher. But to the extent that the claim goes beyond alleging Paine Webber's liability for the acts of its agent, plaintiffs do not identify the source of the independent duty owed to plaintiffs. In their response, plaintiffs state the claim "merely reflects the Defendant's state of mind as is pleaded and stands in support of plaintiffs' claim for punitive damages." But punitive damages cannot be recovered in the absence of a claim for compensatory damages. *See By–Prod Corp. v. Armen–Berry Co.*, 668 F.2d 956, 961 (7th Cir.1982) (citing cases). Defendant's motion to dismiss Count VIII is based on their hypothesis as to the legal basis for the claim and raises many issues. The court will not engage in conjecture as to the legal basis for the claim and rule on those issues, perhaps, unnecessarily. Because Count VIII fails to provide the legal basis for a recovery, it is stricken.

*Conclusion*

Counts I, IA, III, IIIA, V, VA, VII, VIIA, and VIII are dismissed with leave to file an amended complaint within 14 days from the date of this order. Counts II, IIA, and IX have been withdrawn. *See Pltffs Mem. Resp.* at 17. Plaintiffs shall submit a memorandum in response to defendant's motion to dismiss Counts IV and IVA for failure to comply with the notice requirements contained in the Illinois Securities Law within 14 days from the date of this order. Defendants have 7 days to respond. Those portions of Count VI and VIA identified above are stricken. In addition, the corresponding counts of the complaint brought by the plaintiffs joined under Rule 20 are also dismissed and/or stricken in accordance with this order.

IT IS SO ORDERED.