**Edwin L. BECHER, William O. Maddocks, Milicia Maddocks, and Irwin Zalcberg, Plaintiffs,**

v.

**Jacob FARKAS, Defendant.**

**No. 88 C 4816.**

United States District Court, N.D. Illinois, E.D.

July 21, 1989.

---

David O. Toolan, Altheimer & Gray, Chicago, Ill., for plaintiffs.

Gary A. Weintraub, Gary A. Weintraub, P.C., Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of the defendant, Jacob Farkas, to dismiss, or, alternatively, for summary judgment on plaintiffs', Edwin L. Becher, William O. Maddocks, Milicia Maddocks, and Irwin Zalcberg, three count complaint. For the following reasons, the motion is denied, to the extent it seeks summary judgment, and is granted in part and denied in part, to the extent it seeks dismissal.

## FACTS

Plaintiffs' complaint alleges that defendant, acting as an agent of American Care Corporation ("American Care"), an Illinois corporation engaged in providing health care services and equipment, and on his own behalf, engaged in a fraudulent course of conduct in connection with American Care's acquisition (the "aquisition") of the stock and assets of AdvaCare, Inc. ("AdvaCare"), AdvaCare of Illinois, Inc. ("AdvaCare of Illinois"), and Total Home Health Care of Chicago, Inc. ("Total"), all Illinois corporations also engaged in providing health care services and equipment.

Specifically, plaintiffs alleged that, as part of the financing for the acquisition, defendant induced them to purchase shares of the stock of American Care through misrepresentations and omissions of material fact.

Concerning misrepresentations, plaintiffs allege that defendant represented to them, both individually and collectively on numerous occasions, that, based on his review of all corporate billables, accounts receivable and outstanding rental contracts, an investment of cash for American Care stock would not result in a loss to plaintiffs because even if AdvaCare or AdvaCare of Illinois obtained no new customers and no additional equipment, the income generated by existing rental contracts with present customers of AdvaCare and AdvaCare of Illinois was sufficient to pay all costs of their operation, service existing and proposed debt and pay back the plaintiffs at least their original investment in the event that either AdvaCare, AdvaCare of Illinois, or both became bankrupt. Allegedly, at least one of the meetings at which the alleged misrepresentations were made was initiated by defendant through the use of an intrastate telephone call.

With respect to omissions, plaintiffs further allege that Zalcberg asked defendant prior to investing in American Care wheth-

er the Medicare billing practices and procedures of AdvaCare and AdvaCare of Illinois were "clean" because Zalcberg had read that some providers of medical services reimbursable by or paid by Medicare had engaged in improper billing practices. In response, Farkas allegedly indicated that he did not know of any government investigation of AdvaCare, AdvaCare of Illinois or any of its principals for Medicare fraud.

Plaintiffs allege that in reliance on the statements made to them by the defendant, they purchased a total of 20,000 shares of stock in American Care for a total cash investment of $100,000. After they purchased their shares of stock in American Care, plaintiffs allege that they learned that many of the accounts receivables of AdvaCare and AdvaCare of Illinois were "bad" representing improper billings of Medicare and that the Department of Health and Human Services had been investigating AdvaCare and AdvaCare of Illinois, prior to plaintiffs' purchase of their shares, regarding claims for reimbursements submitted by AdvaCare and AdvaCare of Illinois.

On July 31, 1986, American Care, AdvaCare of Illinois, and Total filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The confirmed plan of reorganization of American Care provides for the cancellation of all outstanding shares of pre-confirmation stock, including those purchased by plaintiffs. In exchange plaintiffs will receive approximately $100,000 for their combined 6% interest in American Care, payable over a one year period commencing in June of 1989, providing that American Care has sufficient funds.

Based on the foregoing, plaintiffs' complaint alleges, Count I, violation of § 10(b) of the the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and Rule 10b–5, 17 C.F.R. § 240.10b–5, Count II, violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Count III, common law fraud.

### SUMMARY JUDGMENT

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Defendant seeks summary judgment based upon plaintiffs' execution of certain subscription agreements which defendant argues contain statements precluding plaintiffs from proving reasonable reliance, as pled in all counts. However, summary judgment is inappropriate at this time, as plaintiffs' execution of the subscription agreements does not as a matter of law prevent them from proving reasonable reliance. First, plaintiffs have created a genuine issue by submitting affidavits stating that they executed these subscription agreements subsequent to their purchase of the stock. Second, even if the subscription agreements were executed prior to the purchase and are enforceable, they do not, as a matter of law, prevent plaintiffs from proving reasonable reliance to the extent their claims are based on defendant's alleged omissions to inform them of the Medicare investigation. Moreover, even with respect to the alleged representation upon which plaintiffs assert reliance, the subscription agreements do not clearly disclose the falsity of the defendant's representation.

Discovery, at this time, has been minimal. At a later time, after additional facts and circumstances have been uncovered through discovery, summary judgment, may be appropriate.

### MOTION TO DISMISS

■ As for defendant's motion to dismiss, it is granted in part and denied in part. Plaintiff's have satisfied the requirements of Fed.R.Civ.P. 9(b). Their allegations, which are taken as true in evaluating defendant's motion, *Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986), specify the dates, locations and parties participating in conversations in which the alleged misrepresentations were made, the nature of the misrepresentations, the party

making them and the consequences. *Capalbo v. Paine Webber, Inc.,* 672 F.Supp. 1048, 1050–51 (N.D.Ill.1987). Defendant has been sufficiently informed to respond. Allegations specifying defendant's status as a "primary defendant" or an "aider or abettor" as it relates to defendant's knowledge of the Medicare investigation and any duty of the defendant to disclose its existence are unnecessary. Finally, defendant's use of an instrumentality of interstate commerce, the telephone, in making an intrastate call initiating one of the meetings at which the alleged misrepresentations were made, is sufficient to invoke subject matter jurisdiction. *McLaury v. Duff and Phelps, Inc.,* 691 F.Supp. 1090, 1095 (N.D.Ill.1988); *Miller v. Affiliated Financial Corp.,* 600 F.Supp. 987, 992 (N.D.Ill.1984). Plaintiffs need not allege that defendant actually made a misrepresentation over the telephone. The error of such a requirement is exposed by the impossibility of its application to an action based solely upon omissions.

Concerning Count II which alleges violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), it is dismissed as no private right of action exists under § 17(a). *See Capalbo v. Paine Webber, Inc.,* 672 F.Supp. at 1052.

Concerning Count III, under Illinois law, an action for common law fraud can only be based upon representations regarding present conditions or past acts, not future promises or intentions. *Hurley v. Frontier Motors, Inc.,* 12 Ill.App.3d 905, 299 N.E.2d 387 (2d Dist.1973). Future promises made with no present intention to perform are not actionable, *id.,* nor are opinions as to future events. *Ziskin v. Thrall Car Manufacturing Co.,* 106 Ill. App.3d 482, 62 Ill.Dec. 255, 265, 435 N.E.2d 1227, 1237 (1st Dist.1982).

Defendant seeks dismissal of Count III arguing that the representations in question "are essentially predictions of future events or expressions of opinion." Defendant's statements do relate to a possible future event—the bankruptcy of the corporations to be acquired. However, defendant's statements that, based upon his

review of corporate records, the receivables from current contracts were sufficient, even if no more contracts were obtained, to pay operating expenses, service corporate debt and provide a return on plaintiffs' investment were representations of material fact. *Capalbo,* 672 F.Supp. at 1053. Similarly, the alleged omission relates to a material fact—the existence of a Medicare investigation.

## CONCLUSION

Accordingly, defendant's motion for summary judgment is denied. Defendant's motion to dismiss is granted with respect to Count II and denied with respect to Count I and III.

IT IS SO ORDERED.